UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JESSIE BENFORD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:08CV1822 SNLJ |
| SCHNEIDER NATIONAL, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss (#19) filed March 2, 2009. Plaintiff filed a response (#21) on March 5, 2009. Defendant then filed a reply (#23) on March 12, 2009. Defendant seeks dismissal for failure to state a claim upon which relief can be granted.

### I. Statement of the Case

Plaintiff filed a complaint, *pro se*, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e, *et seq.* and violation of 49 C.F.R. § 396.17(g)-(h). However, because 49 C.F.R. § 396 does not give a private right of action to a citizen this Court granted defendant's motion to strike that allegation from the complaint.

Plaintiff worked for defendant as a truck driver. Plaintiff alleges that defendant demanded that plaintiff drive defective and rusted trailers in violation of the law. When plaintiff complained to his supervisor he was told to transfer to a different account but plaintiff claims his supervisor ultimately blocked this transfer. Plaintiff claims harassment and retaliation under Title VII because after he refused to drive with the allegedly illegal trailers he was forced to resign.

**II. Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id.; 127 U.S. at 1974. A complaint must set forth factual allegations that are enough to "raise a right to relief above the speculative level." Id.; 127 U.S. at 1974.

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts--not mere conclusions--that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d 736, 740 (8th Cir. 2002). In viewing the

complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim so that the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to prove one or more claims to the satisfaction of the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1969, n. 8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.") With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

### III. Discussion

Plaintiff has failed to state a claim upon which relief has been granted. To successfully bring a Title VII claim a plaintiff must allege, *inter alia*, facts showing a "causal nexus between the harassment and [his] membership in [a Title VII] protected group." Anda v. Wickes Furniture Co., Inc., 517 F.3d 526, 531 (8th Cir. 2008). Plaintiff has not alleged that any of the actions taken were because of his race, religion, or gender. The only cognizable tie of an allegation in plaintiff's complaint to a protected class it that in attempting to avoid driving the objectionable trailers defendant failed to respond to plaintiff's "attempts to inculcate laws of 'Jesus Christ,' 'love your neighbor as yourself." Even read liberally this is not a claim that he was harassed or retaliated against because of his membership in a particular religion or other protected class.

3

Plaintiff's response to defendant's motion fails to respond to defendant's argument that he has failed to state a claim under Title VII. Instead he reiterates that his Title VII claim is based upon 49 C.F.R. § 396 which does not give a citizen a private right of action. The only other citation besides 49 C.F.R. § 396 is to a Fifth Circuit case, <u>Jugens v. EEOC</u>, 903 F.2d 386 (1990), which involved an action for discrimination filed by a class of white male employees who claimed they were not promoted because they were white males. The case has no application to the case at hand.

This Court cannot find any claim upon which plaintiff could be granted relief. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#19) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** in its entirety with prejudice.

Dated this   13th   day of May, 2009.

                                          UNITED STATES DISTRICT JUDGE